## Clee v. Clee.

*Divorce—Residence—Citizenship—Act of May 9, 1913.*

1. Under the Act of May 9, 1913, P. L. 191, a libellant in divorce must have been a resident of the Commonwealth for one year previous to the filing of the libel, and it is immaterial whether the libellant is a citizen of this State or not.

2. The acts of a libellant in divorce are of more value in fixing her status as a resident than her statement as to what her intention was.

Libel in divorce. C. P. Washington Co., Nov. T., 1921, No. 99.

*Vernon Hazzard,* for libellant.

BROWNSON, P. J., March 20, 1922.—The libel prays for a divorce on the grounds of cruel and barbarous treatment and indignities to the person of the wife. The master found that at the time of the marriage of the parties in 1907 they were domiciled in Pennsylvania; that in 1916 they removed to and became domiciled in Youngstown, Ohio, and there resided together until the month of August, 1920, when, in consequence of the libellant's mistreatment by the respondent, she with her children left her husband's home and came to the home of her mother at New Eagle, Washington County, Pennsylvania; that, after remaining in her mother's home for about a week, the libellant returned to the home of the respondent at Youngstown, Ohio, and there lived with him as his wife (with an interval of a few days of separation) until the month of April, 1921, when that home was abandoned by both parties, who then came to Pennsylvania and have since resided here. The libel was filed on Sept. 15, 1921, and the master, having found that the libellant had not resided in Pennsylvania for "at least one whole year" previous to its filing, recommended that the libel be dismissed, upon the ground of the lack of residence in this State for one year immediately preceding the commencement of the action.

The finding that the libellant did not, as a matter of fact, reside in Pennsylvania for one year previous to Sept. 15, 1921, is excepted to as against the weight of the evidence, the libellant having testified that when she went to the home of her mother in August, 1920, she intended to take up her residence there, and that when she returned to her husband's home in Ohio, and during the period of months while she was thereafter cohabiting with him in that state as his wife, she did not intend to abandon the residence in Pennsylvania, as previously assumed. But the master and the court must take into consideration not only what she says her intention was, but the unequivocal acts by which her intention was manifested at the time; they are of more value as evidence than mere statements as to what the intention was: Hindman's Appeal, 85 Pa. 466. Taking into account all that the evidence discloses as to her actions between the latter part of August or Sept. 1, 1920, and April, 1921 (including the fact that during this time she once separated herself from her husband for a few days, going, not to Pennsylvania, but to Cleveland, Ohio, and then returning to Youngstown), we think the weight of the evidence sustains this finding of the master, and the exceptions thereto are overruled.

The right of action for the causes of divorce set out in this libel was given (where the parties are domiciled in Pennsylvania) by the Act of March 13, 1815, 6 Sm. Laws, 286. That act provided, in section 11, that no person should by virtue of it be entitled to a divorce "who is not a citizen of this State and who shall not have resided therein at least one whole year previous to the filing his or her petition or libel." Here, it will be observed, are two requirements: (*a*) Citizenship and (*b*) a year's residence. Interpreting the

word "citizen" in its proper sense, the result of the first requirement would be that an unnaturalized alien living in Pennsylvania, or a woman who, by marrying an alien, had lost her citizenship, could not sue for a divorce, and the legislature, for the remedying of these and perhaps other inconveniences, modified this requirement by two statutes. The Act of April 18, 1843, P. L. 340, relieved from the requirement of citizenship "any woman who shall have had a *bona fide* residence in this State at least one whole year previous to filing her petition or libel," and the Act of May 8, 1854, § 2, P. L. 644, had the effect of making a similar rule applicable to husbands by enacting that "the word citizen [in section 11 of the Act of 1815] shall not be so construed as to exclude any party who shall, for one year, have had a *bona fide* residence within this Commonwealth previous to the filing of his or her petition or libel." As to the significance of the qualifying phrase *"bona fide,"* see the opinion of Judge Sulzberger in Lyon v. Lyon, 13 Dist. R. 623, 634, 635. These acts, as will be observed, do not repeal the requirement of the Act of 1815, that in every case the libellant must have resided in Pennsylvania for at least one year immediately before suing. But various subsequent acts were passed to extend the jurisdiction of the courts to various causes of divorce occurring in other states, containing provisos in substantially the following language: "Provided, that no application for such divorce shall be made unless the applicant therefor shall be a citizen of this Commonwealth or shall have resided therein for the term of one year, as provided for by the existing laws of this Commonwealth." Among these statutes are the Acts of March 9, 1855, P. L. 68, and April 22, 1858, P. L. 450, which would seem to be applicable to the facts of the present case. If we correctly understand counsel, the position is taken that the acts just cited make citizenship and residence for a year alternative qualifications, and, therefore, as under the Constitution of the United States (14th Amendment) a citizen thereof becomes a citizen of the state in which he resides as soon as he is domiciled in it, this libellant, having been for some months domiciled in Pennsylvania, was, as a citizen thereof, entitled to sue for divorce irrespective of the length of her residence. We do not think this was the effect of the Acts of 1855 and 1858. The proviso in each of them, by its reference to the requirements of "existing laws," manifests an intention that the jurisdiction which these statutes grant shall be exercised under the same rules prescribed for that granted by previous statutes, and the use of the word "or" is explainable by the circumstance that the Act of 1815 was modified by the Acts of 1843 and 1854 to the extent of providing that in certain circumstances a libellant need not be both a technical citizen and a resident for one year. We should be unwilling to open the door to the possibility of frauds upon the law, such as have made divorce practice a by-word in certain other states, by construing these statutes as allowing suit to be brought here for a cause of divorce occurring in another state before there has been a year's residence in this State (in the face of the fact that the Act of 1815 requires such a residence where the cause occurred here), unless constrained so to do by unmistakable language.

But the question does not now depend upon the acts above cited. There is subsequent legislation which, we think, makes residence for one year a prerequisite. Passing over the Act of April 28, 1903, P. L. 326 (amended 1911, P. L. 60), upon the ground that this act was held, in Lyon v. Lyon, 13 Dist. R. 623, to apply only where the cause of divorce occurred outside of the states constituting the Federal Union, we come to the Act of May 9, 1913, P. L. 191, the 2nd section of which provides that the courts shall "entertain jurisdic-

2 D. & C.

tion of all cases of divorce from the bonds of matrimony for any cause now or hereafter provided for by law, when the libellant or applicant for such divorce shall at the time of filing the petition or libel in divorce have been a resident of this Commonwealth for one year previous to the filing of the petition or libel in divorce." This appears to be intended as a general enactment, establishing a general and uniform rule of qualification for libellants in all divorce cases. Previously, there was some lack of uniformity upon this subject in the various statutes by which divorce jurisdiction was conferred piecemeal, as appears from Judge Sulzberger's review of them in Lyon v. Lyon, 13 Dist. R. 623. This Act of 1913 lays down one single, simple rule for all divorce cases: the court shall entertain jurisdiction if the libellant has resided in the State for one year; which implies that it shall not entertain, or shall not be bound to entertain, jurisdiction in cases where the libellant has not had such residence.

It appearing that the libellant had not resided in Pennsylvania for the period of one year preceding the filing of her libel, we shall dismiss the libel for this reason, without adjudicating the merits of the case, so that the dismissal will be without prejudice to her right to sue for a divorce, for the same causes, after she shall have resided in the State for one full year.

And now, March 20, 1922, after argument and due consideration, the finding of the master that the libellant had not, at the time of filing her libel, been a resident of Pennsylvania for a period of at least one year is approved and adopted, and the libel is, therefore, dismissed, at the cost of the libellant, without prejudice.

From Harry D. Hamilton, Washington, Pa.